1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N.40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

ZOLDAN LAW GROUP, PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **John Archer**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**101 Towing, LLC**, an Arizona company;<br>**RJ Brunton, LLC**, an Arizona company<br>**Richard Brunton,** an Arizona resident;<br>and **Jill Brunton,** an Arizona resident;<br><br>Defendants. | **Case No.**<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff John Archer ("**Plaintiff**"), for his Verified Complaint against Defendants

101 Towing, LLC ("**101 Towing**"); RJ Brunton, LLC ("**RJ Brunton");** Richard Brunton;

and Jill Brunton (**"Defendants"**), hereby alleges as follows:

## NATURE OF THE CASE

1.      Plaintiff brings this action against Defendants for their unlawful failure to

pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219

(hereinafter "**FLSA**").

2.      This action is also brought to recover overtime compensation, liquidated or

double damages, and statutory penalties resulting from Defendants' violations of the

FLSA.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter and the parties hereto

pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because

all or a substantial part of the acts or omissions giving rise to the claims occurred in the

state of Arizona.

5.      Plaintiff was employed by Defendants in this District.

### PARTIES

6.      At all relevant times to the matters alleged herein, Plaintiff John Archer

resided in the District of Arizona.

7.      At all relevant times to the matters alleged herein, Plaintiff John Archer was

a full-time employee of Defendants from in or around May 2012 until on or around

November 5, 2021.

8.      At all relevant times to the matters alleged herein, Plaintiff John Archer was

an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

9.      At all relevant times to the matters alleged herein, Plaintiff John Archer was

a non-exempt employee.

10.     Defendant 101 Towing is a company authorized to do business in Arizona.

11.     Defendant 101 Towing was Plaintiff's employer as defined by 29 U.S.C. §

203(d).

12.     Defendant RJ Brunton is a company authorized to do business in Arizona.

ZOLDAN LAW GROUP, PLLC

5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

ZOLDAN LAW GROUP, PLLC

5050 N.40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

13.      Defendant RJ Brunton was Plaintiff's employer as defined by 29 U.S.C. § 203(d)

14.      Defendant Richard Brunton is an Arizona resident.

15.      Defendant Richard Brunton has directly caused events to take place giving rise to this action.

16.      Defendant Richard Brunton is a manager of 101 Towing.

17.      Defendant Richard Brunton is a member of 101 Towing.

18.      Defendant Richard Brunton is an owner of 101 Towing.

19.      Defendant Richard Brunton is an employer of 101 Towing.

20.      Defendant Richard Brunton is an owner of RJ Brunton.

21.      Defendant Richard Brunton is an employer of RJ Brunton.

22.      Defendant Richard Brunton has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

23.      Defendant Richard Brunton supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

24.      Defendant Richard Brunton would send work schedules via text message to employees.

25.      Defendant Richard Brunton determined the rate and method of Plaintiff's payment of wages.

26.      Defendant Richard Brunton gave Plaintiff a raise from 25% commission to 27.5% commission.

27.      As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Richard Brunton is subject to

individual and personal liability under the FLSA.

28.     Defendant Jill Brunton is an Arizona resident.

29.     Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Jill Brunton and Defendant Richard Brunton were legally married.

30.     Defendant Jill Brunton and Defendant Richard Brunton have caused events to take place giving rise to this action as to which their marital community is fully liable.

31.     Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

32.     Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

33.      Defendants, and each of them, are sued in both their individual and corporate capacities.

34.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

35.     Upon reasonable belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

36.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

37.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

38.     Plaintiff, in his work for Defendants, regularly handled goods produced and

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

transported in interstate commerce.

39.     Plaintiff would communicate with Defendants via email and telephone.

40.     Plaintiff is a covered employee under individual coverage.

41.     Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

42.     The entity Defendants are a towing company.

43.     In or around May 2012, Plaintiff John Archer commenced employment with Defendants as a tow truck driver.

44.     Plaintiff's primary job duties included roadside assistance and recovery impounds.

45.     Plaintiff was paid at a rate of $1,000 a week.

46.     Plaintiff John Archer routinely worked in excess of 40 hours per week.

47.     Plaintiff John Archer was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours.

48.     For example, during the workweek of October 27, 2021, Plaintiff worked approximately 60 hours.

49.     At all relevant times during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for all his overtime hours.

50.     Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours.

51.     Defendants required Plaintiff to work overtime as a condition of his employment.

52.     Defendants wrongfully withheld wages from Plaintiff by failing to pay all

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

wages due for overtime hours Plaintiff worked.

53.    Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

54.    Defendants have not kept proper records in violation of 29 C.F.R. § 516.2.

55.    Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

56.    Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
## (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

57.    Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

58.    At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

59.    Plaintiff is an employee entitled to the statutorily mandated overtime wages.

60.    Defendants have intentionally failed and/or refused to pay Plaintiff's overtime wages according to the provisions of the FLSA.

61.    As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 207.

62.    In addition to the amount of unpaid overtime wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

63.    Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

64.     Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

65.     Defendants knew their failure to pay overtime wages was a violation of the FLSA.

66.     Defendants have not made a good faith effort to comply with the FLSA.

67.     Plaintiff is also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A.     For the Court to declare and find that the Defendants committed the following acts:

i.   violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

ii.  willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

B.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C.     For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D.     For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and all other causes of action set forth herein;

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

F.      Any other remedies or judgments deemed just and equitable by this Court.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED December 8, 2021.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
     5050 N. 40th St., Suite 260
     Phoenix, AZ 85018
     Attorneys for Plaintiff

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

**VERIFICATION**

Plaintiff John Archer declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____

John Archer